**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

HEIDI SONNICHSEN,
Plaintiff-Appellant,

v.                                                                              No. 95-1866

SEARS, ROEBUCK AND COMPANY,
Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Greenville.
Malcolm J. Howard, District Judge.
(CA-94-48-H2-4)

Argued: April 3, 1996

Decided: January 9, 1997

Before WIDENER, MURNAGHAN, and WILLIAMS,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Ralph Thomas Bryant, Jr., Morehead City, North Caro-
lina, for Appellant. James Bernard Spears, Jr., HAYNSWORTH,
BALDWIN, JOHNSON & GREAVES, P.A., Charlotte, North Caro-
lina, for Appellee. **ON BRIEF:** Stephen D. Dellinger, HAYNS-
WORTH, BALDWIN, JOHNSON & GREAVES, P.A., Charlotte,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

The plaintiff, Heidi Sonnichsen, filed suit against the defendant, Sears, Roebuck and Company, on April 15, 1994 and alleged gender discrimination in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000e et seq. Since 1990, Mrs. Sonnichsen has been an employee of the automotive department of the Morehead City, North Carolina Sears store. She was initially hired part-time as a greeter for the department, but she became a full-time employee in 1992. In May 1993, Mrs. Sonnichsen was not promoted to the position of Auto Center Manager, and she subsequently filed EEOC charges and later, this suit. The district court granted summary judgment in favor of Sears and the plaintiff appeals. We affirm.

Mrs. Sonnichsen alleged that the automotive department manager, Clay Braddy, told her in January 1993 that he would recommend her for his position when he left the department. When Mr. Braddy left the department, the store manager, Robert Schulz, promoted Craig Simmons, who had supervisory experience, to the position. Mrs. Sonnichsen alleged that she was more qualified than Mr. Simmons because he had not worked in the automotive department yet she had been there since 1990. She alleged that Schulz's reason for not promoting her was that he could not put her in charge of her peers. She also alleged, however, that Mr. Braddy had been promoted to the position from within the department and that normal or common practice was to promote persons with automotive department experience to the position of automotive department manager. In his deposition testimony, Schulz stated that he would not promote Mrs. Sonnichsen to Auto Center Manager because that was a checklist position and she should have been in a supervisory position before she could be promoted to a checklist position.[1] Mrs. Sonnichsen had a job grade level

_____

[1] Schulz identified a checklist position as one in which the employee received a salary rather than an hourly wage.

2

of 7, and the checklist position had a job grade level of 13. Schulz testified that he considered only employees with a supervisory job grade of 11 or higher for the checklist manager position.

The district court granted Sears' motion for summary judgment. The court found that Mrs. Sonnichsen established her prima facie case of discrimination under the four-part McDonnell Douglas test. See McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). The court found that Mrs. Sonnichsen was a member of a protected class under Title VII, that she informally applied for the position or at least expressed an interest to her immediate supervisor and her store manager, that viewing the evidence in the light most favorable to her, she was qualified for the position, and that despite her qualifications, she was not promoted. The court then determined that Sears successfully rebutted the presumption of discrimination by providing a nondiscriminatory reason why Mrs. Sonnichsen was not promoted to the position of Auto Center Manager. Finally, the court determined that Mrs. Sonnichsen failed to show that Schulz's reason for not promoting her was a pretext for intentional discrimination.

We review a grant of summary judgment de novo . In re Bulldog Trucking, Inc., 66 F.3d 1390, 1395 (4th Cir. 1995). We have reviewed the briefs and the record in this case, and after oral argument we are of opinion that the district court correctly granted summary judgment for Sears.

We agree with the district court that viewing the evidence in the light most favorable to Mrs. Sonnichsen, she established a prima facie case of gender discrimination. Once an employee establishes a prima facie case of discrimination, a rebuttable presumption of discrimination is established. Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981). We also agree with the district court that Sears successfully rebutted this presumption of discrimination. Schulz testified that he would not promote an employee to the automotive department manager position unless that employee had supervisory experience at Sears and a job grade level of at least 11. That is a legitimate business reason for not promoting Mrs. Sonnichsen, a nonsupervisory employee with a job grade level of 7, and Mrs. Sonnichsen did not provide evidence that it was not a legitimate business reason.

3

Mrs. Sonnichsen is entitled to show that Schulz's proffered reason was not the true reason for his decision. Burdine, 450 U.S. at 256. To prove that the offered reason is a pretext for discrimination, she must show "both that the reason was false, and that discrimination was the real reason." St. Mary's Honor Center v. Hicks, 509 U.S. 502, 515 (1993) (italics are the Court's). The district court found that Mrs. Sonnichsen did not provide evidence that Schulz's nondiscriminatory reason was a pretext for an intentionally discriminatory reason, and we agree.

Mrs. Sonnichsen offered evidence that Schulz on one occasion had promoted an employee from job grade level 7 to job grade level 13 contrary to his statement that he would not make such a promotion.[2] The record does not contain evidence of a requirement or company policy that either required or forbad Schulz to consider nonsupervisory employees for every managerial position. If Schulz did do it once, he is not required to do it on every occasion.

Mrs. Sonnichsen also appeals the January 11, 1995 order of the magistrate judge denying her motion to compel certain discovery. She failed to file objections to the order with the district court within ten days, therefore her appeal is untimely. Fed. R. Civ. P. 72(a); E.D. N.C. R. 63.01.

Accordingly, the judgment of the district court is

AFFIRMED.

_____

[2] Interestingly, the employee promoted from a level 7 to a level 13 was a female employee.

Along the same line, we note that Schulz has been an employee of Sears for 25 years and a store manager at least since 1991. As store manager, he has promoted 31 employees to supervisory or managerial positions and of those 31 employees promoted, 25 were female.

4